## Burley v. Shinn.

1. A vendor of an undivided interest in a claim on the public lands, of which he remains in the sole possession, who afterward acquires title from the government, and immediately conveys the same to a third party, held to repay his vendee the amount paid to him.

Burley sued Shinn in the District Court for Douglas. county upon the following instrument : "Articles of agreement made and entered into between Moses F. Shinn of the first part, and J. H. Lockwood of the second part, this 5th day of November, A. D., 1856. The party of the first part has this day sold unto the party of the second part the one undivided fourth part of the following described premises, situated in Douglas county, Nebraska Territory, described as follows : Being a claim upon the public lands which I purchased of L. Miller, and he of Samuel Bayless, he of A. J. Hanscom, and bounded on the south by the claim of T. B. Cuming and by Omaha city ; west by an eighty-acre tract of land conveyed by A. J. Hanscom to R. G. Pierce ; north by the Sterling claim and Omaha city, together with lots 7, 8, 9 and 10 of said Sterling claim, as surveyed by L. Miller and described by Sterling Claim Company, and east by Omaha city, containing two hundred and forty acres, more or less. Also stone quarry and timber claim about one mile south of Omaha city, bounded north by claim of Smith and Kline, west by Folsom and Patrick, south by Berry's claim, east by A. D. Jones, containing forty acres, more or less. Said party of the second part is to have one-fourth of all the improvements upon said claim, and to draw one-fourth of the rents and profits therefrom. For which he agrees to pay the party of the first part four thousand and five hundred dollars ($4,500), as follows : $500 in hand, $1,500 the first day of April next, and $2,500 in three yearly installments, commencing

the first day of April, bearing ten per cent. interest per annum, for which the party of the second part has executed his notes. Also, it is understood, that a contract made by the party of the first part with the trustees of the Simpson University, granting fifty acres of the above described tract of land in consideration that the said trustees erect a building thereon the party of the second part relinquishes one-fourth of said fifty acres out of the two hundred and forty acre tract, to said trustees.

" In testimony whereof we have hereunto set our hands and seals this fifth day of November, 1856.

"MOSES F. SHINN.
"J. H. LOCKWOOD.

" Received first payment on the within.

" M. F. SHINN.

" I do hereby assign all my right, title and interest in the within article of agreement between M. F. Shinn and myself, dated the 5th day of November, 1856, to James Burley, for value received.

" Witness my hand and seal this ninth day of February, 1857.

"J. H. LOCKWOOD. [SEAL.]"

He alleged that Lockwood paid Shinn the $4,500 stipulated for, and that Shinn, having acquired title to the claim from the United States, conveyed the same to a third party, disabling himself from conveying to Lockwood the undivided fourth of the premises, and that Lockwood had assigned to the plaintiff his interest in the contract and to his claim for damages. He prayed for judgment for $4,500 and interest.

Shinn demurred generally. The court sustained the demurrer and rendered judgment dismissing the petition.

BURLEY *v.* SHINN.

The plaintiff files this petition in error to review this judgment.

*Redick & Briggs,* for plaintiff in error.

*W. F. Sapp,* contra.

The court, by STREETER, J., held that the petition stated a good cause of action, and that the demurrer should have been overruled.

Judgment reversed and cause remanded.